BLANK ROME LLP
Attorneys for Petitioner
Jeremy J.O. Harwood
405 Lexington Avenue
The Chrysler Building
New York, NY  10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSTELLATION ENERGY COMMODITIES GROUP INC., <br><br> Petitioner, <br><br> -against- <br><br> TRANSFIELD ER CAPE LTD. and TRANSFIELD ER LIMITED, <br><br> Respondents. | 10 Civ. 4434(SHS) |

# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONFIRMATION OF ARBITRATION AWARD

*BLANK ROME LLP*
*Jeremy J.O. Harwood*
*405 Lexington Avenue*
*New York, NY  10174*
*(212) 885-5000*

**PRELIMINARY STATEMENT**

Plaintiff-Petitioner, CONSTELLATION ENERGY COMMODITIES GROUP INC. ("Constellation"), respectfully moves this Honorable Court to confirm a commercial (maritime) arbitration award dated April 26, 2010 issued by the London arbitrators (the "Award") in favor of CONSTELLATION and against Respondents, TRANSFIELD ER CAPE LTD. ("ER CAPE") and its alter ego, TRANSFIELD ER LIMITED ("ER LTD"), as a judgment of this Court in accordance with the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") 9 U.S.C. § 207 *et seq.* (the "Convention").

**THE BASIC FACTS**

The facts are fully supported by Petition, the declarations of John Rollason and Jeremy J.O. Harwood (respectively "Rollason Dec." and "Harwood Dec."), dated June 3, 2010 thereto and in the Petition. The Award is attached as Exhibit 1 to the Rollason Declaration.

The Award is governed by the Convention.

**ARGUMENT**

**POINT I**

**THE AWARD MUST BE CONFIRMED UNDER THE CONVENTION**

9 U.S.C. § 207 provides:

> § 207. Award of arbitrators; confirmation; jurisdiction; proceeding

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

As the Supreme Court explained, the principal purpose for acceding to the Convention was to "encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n. 15 (1974); *see also China Minmetals Materials Import & Export Co., Ltd. v. Chi Mei Corp.*, 334 F.3d 274, 282-83 (3rd Cir. 2003); *General Electric Co. v. Deutz AG*, 270 F.3d 144, 154 (3rd Cir. 2001). "Consistent with the policy of favoring enforcement of foreign arbitral awards, parties have limited defenses to recognition and enforcement of an award as set out in Article V of the Convention." *Admart AG v. Stephen & Mary Birch Foundation, Inc.*, 457 F.3d 302, 307 (3rd Cir. 2006).

There is no dispute that the Award is governed by both the Convention implemented by Chapter 2 of the FAA. Venue is appropriate in this Court pursuant to 9 U.S.C. § 204. The Court has personal jurisdiction over ER CAPE, which is registered to do business in New York and has agent for service of process in this District. *See* Ex. C Harwood Dec. (Secretary of State registration records). *See also*, *Frontera Resources Azerbaijan Corp. v. State Oil Co. of The Azerbaijan Republic*, 582 F.3d 393 (2d Cir. 2009).

The Court also has personal jurisdiction over ER LTD., despite its recent deregistration, through the personal jurisdiction over its alter ego, as alleged in the Petition, ER CAPE.

Under the Convention, a district court's role is limited in that "it shall confirm the award unless it finds one of the grounds for refusal or deferral" specified in the Convention. 9 U.S.C. § 207." These grounds are set forth in Article V of the Convention, as follows:

> 1. Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that:
>
> (a) The parties to the agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or
>
> (b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or
>
> (c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or
>
> (d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or

4

(e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

2. Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that:

(a) The subject matter of the difference is not capable of settlement by arbitration under the law of that country; or

(b) The recognition or enforcement of the award would be contrary to the public policy of that country.

"To carry out the policy favoring enforcement of foreign arbitral awards, courts have strictly applied the Article V defenses and generally view them narrowly." *Admart*, 457 F.3d at 308 (citing *China Minmetals*, 334 F.3d at 283). For instance, in *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15 (2d Cir. 1997), the Second Circuit emphasized the limited power of review granted to district courts under the Convention. After examining the distinction between awards rendered in the same nation as the site of the arbitral proceeding and those rendered in a foreign country, the Court concluded that more flexibility was available when the arbitration site and the site of the confirmation proceeding were within the same jurisdiction. *Id*. at 22-23. However, the Court further found that "the [C]onvention is equally clear that when an action for enforcement is brought in a foreign state, the state may refuse to enforce the award only on the grounds explicitly set forth in Article V of the Convention." *Id*. at 23. Under such a strict analysis of Article V, even a mistake of fact or a manifest disregard of the law do not justify setting aside an award. *Id*. at 20 (citing *M & C Corp. v. Erwin Behr GmbH & Co., KG*, 87 F.3d 844, 851 (6th Cir. 1996)).

None of the above-quoted grounds for refusing to recognize the Award apply in this case. TRANSFIELD ER CAPE LTD. participated in the arbitration throughout. It made its own appointment of an arbitrator. Rollason Dec. Ex. 1. Award, ¶ 3. The Award is binding on ER CAPE.

**POINT II**

**THE AWARD SHOULD ALSO BE CONFIRMED AGAINST ER CAPE'S ALTER EGO, ER LTD.**

The "peripatetic" nature of maritime parties and the "transitory" nature of their assets is nowhere better illustrated than in the practices of the "Transfield ER Group." See, Harwood Dec. Ex. B, "Front Complaint," ¶ 70, describing the Transfield ER Group website. Respondents here are two B.V.I. companies - which operate from the same address in Hong Kong. At the center of the web is ER LTD. Five Transfield companies registered to do business in New York (through the same New York admiralty lawyer) - plainly to avoid Rule B attachments. Now they are rushing to de-register. ER LTD. did not appear to defend the Front Complaints' *alter ego* contentions (despite attachment of its alleged property) and it remains to be seen if it will do so here. If not, the Award should be entered as a judgment against it, jointly and severally, with ER CAPE.

**CONCLUSION**

For all of the foregoing reasons, Constellation respectfully requests that the Court confirm, pursuant to 9 U.S.C. § 207, the Award as a judgment of this Court in its favor and against Respondents, jointly and severally, in the sum of $7,577,600 plus £40,559

6

(converted to dollars at the date of judgment) and for other awards of costs and order Respondents, jointly and severally, to pay the sums due thereunder, and grant such other relief as may be fair and equitable.

Dated: New York, New York
      June 4, 2010

                                      Respectfully submitted,

                                      BLANK ROME LLP
                                      Attorneys for Petitioner

                                      By: /s/ Jeremy J.O. Harwood
                                          Jeremy J.O. Harwood
                                          405 Lexington Avenue
                                          New York, NY 10174
                                          (212) 885-5000