BLANK ROME LLP
Jeremy J.O. Harwood
405 Lexington Avenue
New York, NY 10174
(212) 885-5000
    and
STROOCK & STROOCK & LAVAN LLP
Melvin A. Brosterman
180 Maiden Lane
New York, NY 10038
(212) 806-5400

Attorneys for Petitioners

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSTELLATION ENERGY COMMODITIES GROUP INC., <br><br> Petitioner, <br><br> -against- <br><br> TRANSFIELD ER CAPE LTD. AND TRANSFIELD ER LIMITED, <br><br> Respondents. | 10 CIV. 4434(SHS) <br><br> AMENDED PETITION TO CONFIRM ARBITRATION AWARDS |

Petitioner CONSTELLATION ENERGY COMMODITIES GROUP INC. of Baltimore, USA, ("Petitioner"), by its attorneys Blank Rome, LLP, and Stroock & Stroock & Lavan LLP, complaining of the above-named Respondents TRANSFIELD ER CAPE LTD. and TRANSFIELD ER LIMITED (collectively "Respondents"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of

the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333. The Court also has "federal question" jurisdiction pursuant to 28 U.S.C. §1331 and 9 U.S.C. §204.

2. At all material times, Petitioner was and now is a corporation organized and existing under the laws of Maryland with its principal place of business at 100 Constellation Way, Suite 500C, Baltimore, MD 21202.

3. Upon information and belief, at all material times Respondents Transfield ER Cape Ltd. ("ER Cape") and Transfield ER Ltd. ("ER Ltd.") were and are corporations organized under the laws of the British Virgin Islands, with their principal office at 30 Harbour Road, Wanchai, Hong Kong and, at all material times, registered to do business in New York with their registered agent at:

>     Patrick F. Lennon
>     c/o Lennon, Murphy & Lennon, LLC
>     The Graybar Building
>     420 Lexington Avenue, Suite 300
>     New York, NY 10170

4. ER Ltd. became "inactive" as of May 19, 2010 but personal jurisdiction may be established over it through its still registered alter ego, as discussed below.

5. ER Cape became inactive on June 10, 2010 but was personally served, through its registered agent for service of process on June 3, 2010.

## THE FIRST AWARD

6. Petitioner entered into a contract of affreightment dated May 23, 2008 with ER Cape (the "COA").

2

7. During the performance of the COA, disputes arose between the parties as arising as a result of Respondent ER Cape's breach of the COA in failing to make a declaration for the first shipment due under the COA.

8. Accordingly, Petitioner commenced arbitration in London on or about May 23, 2009 pursuant to the terms of the COA which provides:

> "ARBITRATION
>
> Any disputes arising under the Contract shall be settled amicably. In case no such settlement can be agreed, the matter in dispute shall be referred to three arbitrators at London and according to English law. One chosen by each of the parties hereto and the third by the two so chosen; their decision or that of the two of them shall be final, and for the purpose of enforcing any Awards, this agreement may be made a rule of the court. The arbitrators shall be commercial men."

9. In response to Petitioner's demand for arbitration and its appointment of Mr. Robert Gaisford as arbitrator, ER Cape appointed Mr. Raymond Li, of Hong Kong, as its nominated arbitrator. The two party-appointed arbitrators selected Mr. Christopher Moss to act as the third arbitrator. Petitioner and ER Cape acted via their London solicitors in London in the proceeding.

10. Both parties made claims submissions to the Panel, which the Panel considered.

11. On April 26, 2010, the Panel issued an award (the "First Award") which states, in material part, as follows:

> **WE THEREFORE AWARD AND ADJUDGE** that the Respondent shall forthwith pay to the Claimant the sum of US$7,577,600.00 (seven million, five hundred and seventy

3

seven thousand and six hundred United States dollars), together with interest on this sum at the rate 4.5% (four and one half per cent) per annum, compounded with three monthly rests from 15th day of April 2009 to the date of payment.

12. A true and accurate copy of the First Award is attached to this Complaint as Exhibit "1" to the previously filed declaration of John Rollason, Esq. dated June 3, 2010.

13. The First Award further provides that Petitioner may seek an "Award of Assessed Costs" including the Panel's own costs of £40,559.

14. Petitioner has paid the Panel's costs of £40,559 and is entitled to "immediate reimbursement" with interest thereon.

15. Petitioner's London solicitors have not yet made an application to the Panel for an assessment of Petitioner's costs.

16. The Award is not yet final and ER Cape has filed a notice of appeal but the First Award may be confirmed now.

## THE SECOND AWARD

17. During the course of the COA disputes arose out of ER Cape's failure to nominate a cargo for the second quarter shipment.

18. Accordingly, Petitioner commenced arbitration in London on or about July 8, 2009 pursuant to the aforesaid terms of the COA.

19. In response to Petitioner's demand for arbitration and nomination of Mr. Patrick O'Donovan, ER Cape appointed Mr. David Farrington, as its appointed arbitrator. The two party-appointed arbitrators selected Mr. Mark Hamsher to act as the third

4

arbitrator. Petitioner and ER Cape acted via their solicitors and counsel in London in the proceeding.

20. Both parties made claims submissions to the Panel, which the Panel considered.

21. On April 28, 2010, the Panel issued an award (the "Second Award," together with the First Award, the "Awards") which states, in material part, as follows:

> B) We therefore award and adjudge that Transfield shall forthwith pay to Constellation US$7,467,608 (seven million, four hundred and sixty-seven thousand, six hundred and eight dollars) together with compound interest thereon at the rate of 4% per annum compounded at three monthly rests from 17th May 2009 until the date of payment.

22. A true and accurate copy of the Second Award is attached to this Complaint as Exhibit "2" to the accompanying declaration of Damian James Honey, Esq.

23. The Second Award provided that Petitioner could seek an Award of interest and costs. The Second Award further provided that Petitioner could seek an Award of the Panel's own costs of £63,475.

24. Petitioner has paid the Panel's costs in the amount of £55,475 and is entitled to reimbursement of that sum with interest thereon.

25. The Award is not yet final and ER Cape has filed a notice of appeal but the Second Award may be confirmed now.

900200.00001/6923822v.1

## COUNT I

### AS AND FOR A CAUSE OF ACTION FOR RECOGNITION AND ENFORCEMENT OF THE AWARDS UNDER THE NEW YORK CONVENTION

26. Petitioner repeats and realleges the foregoing allegations as if set forth in full herein.

27. Petitioner hereby petitions this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et. seq.*, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 *et. seq.* (the "New York Convention"), for an order confirming the Awards in favor of Petitioner and against Respondents, joint and severally.

28. Both the United States and the British Virgin Islands and the United Kingdom, the country in which the Awards were rendered, are signatories to the New York Convention.

29. Jurisdiction is proper in this Court pursuant to 9 U.S.C. § 203.

30. Venue is proper in this Court pursuant to 9 U.S.C. § 204.

31. Despite the appeals, Petitioner respectfully submits that no grounds exist for refusal or deferral of recognition or enforcement of the Awards against Respondents under the Convention.

32. For the foregoing reasons, Petitioner requests that the Court enter judgment in favor of Petitioner and against Respondents recognizing and enforcing the First Award in the amount of $7,577,600, plus £40,559 (to be converted to dollars at the time of judgment), plus interest awarded and award on costs, if any; and the Second Award in the

6

amount of $7,467,608 plus £55,475 (to be converted to dollars at the time of judgment), plus interest as awarded and an award of costs, if any.

33. Petitioner hereby reserves the right to further petition this Court to confirm any further award, including interest or costs which may be rendered in respect of this matter.

## COUNT II
### AS AND FOR A CAUSE OF ACTION
### FOR ALTER EGO AND VEIL PIERCING

34. Petitioner repeats and relates the foregoing allegations as if set forth in full herein.

35. ER Cape is merely a captive corporation through which its parent, ER Ltd. entered the COA as alter ego.

36. An action styled Front Carriers Ltd. v. Transfield ER Cape Ltd. and Transfield ER Limited, 07 Civ. 6333 (RJS) was filed in this Court on July 11, 2007. A true copy of the docket sheet is Exhibit A to the accompanying Harwood Declaration dated June 3, 2010 ("Harwood Dec.").

37. The Plaintiff, Front Carriers Ltd. ("Front") subsequently filed a second amended complaint on October 25, 2007 (Docket #66) (the "Front Complaint"). A true copy of the Front Complaint, without its voluminous exhibits (which are available on Pacer) is Exhibit B to the Harwood Declaration.

7

38. The Front Complaint alleges, inter alia, that ER Ltd. and ER Cape share the same website; and on the website both companies "appear to share the same address in Hong Kong"; "appear to share the same telephone network."

39. The Front Complaint further alleges, in material part:

> 72. Based on the foregoing circumstances, defendant Transfield ER Cape Ltd. uses defendant Transfield ER Limited as an agent for payment, by which Transfield ER Limited accepts payments on behalf of Transfield ER Cape Ltd. despite Transfield ER Limited having provided no consideration to Transfield ER Cape Ltd. Alternatively, Transfield ER Cape Ltd. and Transfield ER Limited have commingled funds and/or otherwise are failing to observe corporate formalities by allowing Transfield ER Limited to be paid for performances in which Transfield ER Cape Ltd. was a party rendering the consideration for which payment was received.
>
> \* \* \*
>
> 76. In sum, it appears that Transfield ER Limited is a company in the Transfield Group that operates out of the public eye and does not appear to conduct any advertised business, yet is designated as the recipient for millions of dollars of charter hire earned by Transfield ER Cape Ltd. (and presumably other Transfield entities) for no apparent reason. Transfield ER Limited is the alter-ego of Transfield ER Cape limited because it dominates and disregards Transfield ER Cape Ltd.'s corporate form to the extent that Transfield ER Limited is actually carrying on Transfield ER Cape Ltd.'s business and operations as if the same were its own, or vice versa.

Harwood Dec. Ex. B.

40. Based on the strength of the allegations in the Front Complaint Judge Sullivan issued an amended order of maritime attachment and garnishment as to both ER Cape and ER Ltd. (Docket # 73).

8

900200.00001/6923822v.1

41. Upon information and belief, ER Cape and ER Ltd. disregarded corporate formalities and have shared offices and officers and directors.

42. In summary, and in connection with Plaintiff's alter ego/single business enterprise allegations ample evidence has already been presented in the Front Complaint that ER Cape and ER Ltd. have created and are a web of companies, all of which are its alter egos and Respondents have conspired to hinder, delay and defraud Petitioner and intend to prevent any recovery for breach of the COA, and on the Awards, in respect of which Petitioner is entitled to a judgment recognizing the Awards, pursuant to 9 U.S.C. § 1, et seq. and 9 U.S.C. § 201, et seq., jointly and severally against ER Cape and against ER Ltd., as alter egos.

**WHEREFORE**, Petitioner prays:

A. That the First Award and Award on Costs be recognized and that judgment be entered against Respondents, jointly and severally, and in favor of Petitioner in the amount of $7,577,600, plus £40,559 (to be converted to dollars at the time of judgment), plus interest as awarded and costs as awarded;

B. That the Second Award and any award of costs be recognized and that judgment be entered against Respondents, jointly and severally, and in favor of Petitioner in the amount of $7,467,608, plus £55,475 (to be converted to dollars at the time of judgment), plus interest as awarded and costs as awarded;

9
900200.00001/6923822v.1

C. That Petitioner be granted such other, further and different relief as may be just and proper.

Dated: New York, New York
June 15, 2010

Respectfully submitted,
BLANK ROME LLP

By _____[signature]_____
Jeremy J.O. Harwood
405 Lexington Avenue
New York, NY 10174
Tel: (212) 885-5000
Fax: (212) 885-5001
Jharwood@blankrome.com

and

STROOCK & STROOCK & LAVAN LLP
Melvin A. Brosterman (MAB-5244)
180 Maiden Lane
New York, NY 10038
Tel: (212) 806-5400
Fax: (212) 806-6006
mbrosterman@stroock.com

Attorneys for Petitioners

900200.00001/6923822v.1