UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CONSTELLATION ENERGY COMMODITIES  :
GROUP INC.,                                                     :
                                                                          :                    10 Civ. 4434 (SHS)
                                      Petitioner,            :
                                                                          :                    OPINION & ORDER
                   -against-                                  :
                                                                          :
TRANSFIELD ER CAPE LTD. and              :
TRANSFIELD ER LIMITED                        :
                                                                          :
                                    Respondents.         :
-----------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

        Constellation Energy Commodities Group Inc. petitions this Court to confirm two

London arbitration awards entered against respondent Transfield ER Cape Ltd. ("ER Cape").

Constellation also seeks to enforce the awards against ER Cape's alleged alter ego, respondent

Transfield ER Limited ("ER Limited"), which was not a party to the arbitrations.  ER Cape has

filed a cross-motion to dismiss Constellation's petition on the grounds of forum non conveniens,

improper venue, and failure to state a claim.  ER Limited has not appeared in this action

        Because petitioner's choice of venue is appropriate, this Court confirms the arbitration

awards against ER Cape.  However, it declines to enforce the awards against ER Limited

because Constellation has failed to state a claim for alter ego liability.

I.      BACKGROUND

        The following facts are taken from the amended petition and the declarations submitted

in connection with the pending motions.

A.  <u>The Parties</u>

Constellation is a citizen of Maryland.  (Am. Pet. ¶ 2.)  ER Cape and ER Limited are both British Virgin Islands ("BVI") corporations with principal offices in Hong Kong.  (*Id.* ¶ 3.)  Respondents were previously registered with New York Department of State, Division of Corporations, for authorization to do business in New York.  (*Id.*).  ER Limited became "inactive" in New York as of May 10, 2010, and ER Cape became "inactive" in New York as of June 10, 2010.  (*See Id.* ¶¶ 4-5.)  ER Cape is now undergoing liquidation proceedings before the Commercial Division of the High Court of Justice in the in the BVI.  (*See* Letter from James H. Power to Judge Stein (Nov. 30, 2010); Letter from Jeremy J.O. Harwood to Judge Stein (Oct. 27, 2010).)

B.  <u>Arbitration Agreement</u>

Constellation and ER Cape were parties to a contract of affreightment ("COA") dated May 23, 2008, for the shipment of iron ore from Brazil to China.  (Am. Pet. ¶¶ 6-7; COA, Ex. 1 to Supp. Decl. of Damian James Honey dated July 29, 2011 ("Honey Decl.").)  The two parties negotiated and executed the COA in Hong Kong.  (Declaration of Dylan Wu dated Aug. 12, 2010 ("Wu Decl.") ¶ 12.)  The COA provides that:  "Any disputes arising under the Contract shall be settled amicably.  In case no such settlement can be reached, the matter in dispute shall be referred to three arbitrators at London and according to English Law."  (COA ¶ 26; Am. Pet. ¶ 8).

C.  <u>Arbitration Awards</u>

When disputes arose between Constellation and ER Cape over scheduled iron ore shipments, Constellation commenced two arbitrations in London against ER Cape alone pursuant to the COA.  (Am. Pet. ¶¶ 7-11, 17-21.)  Each arbitration resulted in an award in favor of

Constellation and against ER Cape.  (*Id.* ¶¶ 11, 21; Exs. 2 and 3 to Honey Decl.)  The first

award, dated April 26, 2010, ordered ER Cape to pay Constellation $7,577,600, plus interest at a

rate of 4.5 percent from April 15, 2009 to the date of payment. (Am. Pet. ¶ 11; Ex. 2 to Honey

Decl. at 4.)  That award also entitled Constellation to seek reimbursement for the £40,559 in

arbitration costs it paid, plus 4.5 percent interest from the date of Constellation's payment to the

date of reimbursement.  (Am. Pet. ¶¶ 13-14; Ex. 2 to Honey Decl. at 4.)

     The second award, dated April 28, 2010, ordered ER Cape to pay Constellation

$7,467,608, plus interest at a rate of 4 percent from May 17, 2009 to the date of payment.  (Am.

Pet. ¶ 21; Ex. 3 to Honey Decl. at 3.)   That award reserved judgment on arbitration costs, of

which Constellation ultimately paid £55,475.  (Am. Pet. ¶¶ 23-24; Ex. 3 to Honey Decl. at 3.)

     ER Cape appealed both arbitration awards to the United Kingdom High Court of Justice.

(*Id.* ¶¶ 16, 25; *see also* Wu Decl. ¶¶ 8-9.)  The High Court of Justice rejected those appeals by

orders dated October 4 and October 7, 2010.  (*See* Exs. A and B to Letter from Jeremy J.O.

Harwood to Judge Stein (Oct. 27, 2010).)  ER Cape has not yet paid either of the awards.

    D.  <u>This Action</u>

     Constellation commenced this action in June 2010 pursuant to the Convention on the

Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), 9

U.S.C. § 203, and this Court's admiralty and maritime jurisdiction, 28 U.S.C. §§ 1331, 1333.  ER

Cape was served with process on June 3, 2010 while it was still registered as a foreign

corporation in the state of New York.  Constellation maintains that service on ER Cape also

constituted service on ER Limited because the latter is, allegedly, the alter ego of the former.

(Am. Pet. ¶¶ 4-5.)  ER Limited has not appeared in this action.

Three motions are pending.  The first is Constellation's amended petition to confirm the arbitration awards, which asserts two causes of action: (1) recognition and enforcement of the awards against both respondents jointly and severally, and (2) alter ego and veil piercing liability on the theory that ER Cape is merely a captive corporation through which its parent, ER Limited, entered the COA.  The second motion takes a somewhat unusual procedural posture: Constellation moved, separately from the amended petition, for summary confirmation of the arbitration awards against ER Cape and for attorneys' fees and costs incurred in seeking such confirmation.  Third, ER Cape moved to dismiss the amended petition for forum non conveniens, improper venue pursuant to Fed. R. Civ. P. 12(b)(3), and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  Through this motion to dismiss, ER Cape opposed summary confirmation of the arbitration awards.

## II.    DISCUSSION

### A.  Forum Non Conveniens

ER Cape seeks to dismiss the amended petition on the ground of forum non conveniens, contending that the BVI, United Kingdom, or Hong Kong would all be more appropriate locations to litigate this action than the United States.  "[T]he doctrine of *forum non conveniens* contemplates the dismissal of lawsuits brought by plaintiffs in their favored forum in favor of adjudication in a foreign court."  *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 101 (2d Cir. 2000).  "Whether an action should be dismissed pursuant to the doctrine of forum non conveniens is a discretionary determination," *id.* at 99, which a court may make in confirmation proceedings brought pursuant to the New York Convention, *In re Matter of the Arbitration Between Monegasque de Reassurances, S.A.M. v. NAK Naftogaz of Ukraine*, 311 F.3d 488, 496 (2d Cir. 2002).

The United States Court of Appeals for the Second Circuit has established a three-step inquiry to resolve a motion to dismiss an action for forum non conveniens. *See Iragorri v. United Techs. Corp.*, 274 F.3d 65, 73-74 (2d Cir. 2001) (en banc).  First, a court decides what amount of deference is owed the plaintiff's choice of forum.  *Id.*  Second, a court determines whether an adequate alternative forum exists.  Third, if an adequate alternative forum exists, a court balances the public and private interest factors enumerated by the United States Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947).  *See Iragorri*, 274 F.3d at 73-74.  "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."  *Gulf Oil*, 330 U.S. at 508; *see Iragorri*, 274 F.3d at 71.

In accordance with "well-established practice in the Southern District of New York," this Court decides the forum non conveniens motion on affidavits.  *Alcoa S.S. Co., Inc. v. M/V Nordic Regent*, 654 F.2d 147, 158 (2d Cir. 1980) (en banc); *see also Cavlam Bus. Ltd. v. Certain Underwriters at Lloyd's, London*, No. 08 Civ. 2225, 2009 WL 667272, at *1 (S.D.N.Y. March 16, 2009).  The Court now turns to each step of the analysis.

> 1.    *Deference to Plaintiff's Choice of Forum*

"A domestic petitioner's choice of its home forum receives great deference, while a foreign petitioner's choice of a United States forum receives less deference."  *Monegasque*, 311 F.3d at 498 (citing *Iragorri*, 274 F.3d  at 71).  Courts measure the degree of deference on a sliding scale:

> [T]he greater the [petitioner's] or the lawsuit's bona fide connection to the United States and to the forum of choice and the more it appears that considerations of convenience favor the conduct of the lawsuit in the United States, the more difficult it will be for the defendant to gain dismissal for forum non conveniens . . . . On the other hand, the more it appears that the [petitioner's] choice of a U.S. forum was motivated by forum-shopping reasons . . . the less deference the plaintiff's choice commands . . . .

5

*Iragorri*, 274 F.3d at 72.

ER Cape contends that Constellation's choice of forum does not warrant any deference whatsoever because Constellation resides in Maryland, not New York, and the parties' dispute lacks any connection to New York.  ER Cape is incorrect.  When an American citizen residing in the United States sues foreign defendants, the entire United States—rather than the particular state in which the plaintiff resides—is considered the home forum for the purposes of a forum non conveniens analysis.  *See Guidi v. Inter-Continental Hotels Corp.*, 224 F.3d 142, 146 n.4 (2d Cir. 2000) (citing *Reid-Walen v. Hansen*, 933 F.2d 1390, 1394 (8th Cir. 1991)); *Cavlam Bus. Ltd. v. Certain Underwriters at Lloyd's, London*, No. 08 Civ. 2225, 2009 WL 667272, at *5 (S.D.N.Y.  March 16, 2009).  Thus, Constellation, as an American citizen residing in the United States, has chosen its home forum to confirm the London arbitration awards against ER Cape.

It would be more convenient for Constellation to litigate this case at home than in the BVI, the United Kingdom, or Hong Kong—the various other locations proposed by ER Cape. And at the time Constellation commenced this action, ER Cape was registered as a foreign corporation in New York and therefore amenable to service of process.  A petitioner's ability to obtain jurisdiction over a respondent is a perfectly legitimate consideration in forum selection. *See Iragorri*, 274 F.3d at 73.

To be sure, countervailing factors limit the amount of deference owed petitioner's choice of the United States as its forum: this is an action to confirm arbitration awards issued in London for breaches of a contract negotiated in Hong Kong for the shipment of goods from Brazil to China.  Still, ER Cape cannot escape the fact that Constellation has selected its home forum in which to litigate.  The principal cases that ER Cape cites in support of dismissal for forum non conveniens all involve lawsuits brought by foreign, not domestic plaintiffs.  *See Monegasque*,

311 F.3d at 490 (Monaco-based petitioner); *CHS Europe S.A. v. Ashraf El Attal et al.*, No. 10 Civ. 2619, 2010 WL 3000059, at *1 (S.D.N.Y. July 22, 2010)  (Swiss-based plaintiff); *Cavlam*, 2009 WL 667272 at *1 (BVI-based plaintiff); *c.f. BlackRock, Inc. v. Schroders PLC*, No. 07 Civ. 31832007, WL 1573933 at *4-6 (S.D.N.Y. May 30, 2007) (U.S. plaintiff, but true party in interest is German).  Accordingly, Constellation's forum selection remains entitled to substantial deference.

### 2.   *Alternative Forum*

The party seeking dismissal for forum non conveniens must show that an adequate alternate forum exists.  *See Wiwa*, 226 F.3d at 100.   An alternate forum is adequate if: (1) defendants are subject to service of process there, and (2) the forum permits a satisfactory remedy.  *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 n. 22 (1981).  The possibility of a difference in substantive law between the forums "should ordinarily not be given conclusive or even substantial weight in the forum non conveniens inquiry."  *BlackRock*, 2007 WL 1573933 at *7 (citing *Piper*, 454 U.S. at 247).  What matters is that an alternative forum "permits litigation of the subject matter of the dispute."  *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 75 (2d Cir. 2003) (citing *Piper*, 454 U.S. 235, 254 n. 22).

ER Cape asserts that it is amenable to service of process in the BVI, where it is incorporated; the United Kingdom, where the arbitrations took place; and Hong Kong, where it has a principal office and the COA was negotiated.  (*See* Wu Decl. ¶ 3; Declaration of William M. Catley dated Oct. 8, 2010 ("Catley Decl.") ¶¶ 9-12, 17-20.)  ER Cape also suggests that ER Limited could be served in those locations as well.   (*See* Catley Decl. ¶¶ 12, 18; Am. Pet. ¶ 3.) The Court accepts these representations regarding service of process for the purpose of deciding the motion to dismiss.

ER Cape further avers that all three proposed alternative jurisdictions provide Constellation with satisfactory remedies. Specifically, ER Cape claims that courts in the United Kingdom and Hong Kong can enforce an English arbitration award against a losing party, as well as against a company alleged to be one and the same as the losing party under a theory of fraud or wrongful dissipation of assets. (*Id.* ¶¶ 7-8, 14-15.) ER Cape does not make a similar case in regard to the BVI, however,

Although the United Kingdom and Hong Kong may or may not provide remedies identical to those available in New York, both jurisdictions apparently "permit[] litigation of the subject matter of the dispute," *Pollux*, 329 F.3d at 75, that is, enforcement of arbitration awards against ER Cape and potentially ER Limited too. Therefore, based on the declarations submitted by ER Cape, this Court finds that the United Kingdom and Hong Kong are adequate alternative forums. *See Piper*, 454 U.S. at 235; *see also CHS*, 2010 WL 3000059 at *2.

### 3. Balancing of Public and Private Interest Factors

Because the United Kingdom and Hong Kong are adequate alternate forums, the Court moves to the final step of the forum non conveniens analysis: the balancing of private and public interest factors. The private interest factors set forth in *Gulf Oil* include: (1) the relative ease of access to sources of proof, (2) the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses, (3) the possibility to view the premises at issue, if relevant, and (4) other practical problems that make trial easy, expeditious and inexpensive. *Gulf Oil*, 330 at 508.

With respect to confirmation of the arbitration awards against ER Cape, the relevant sources of proof—the COA and the arbitration awards—are already before this Court. As

discussed below, no additional evidence or witnesses are necessary.  Thus, confirmation against ER Cape can proceed relatively easily, expeditiously, and inexpensively in this Court.

Constellation's alter ego claim, however, requires a more fact-intensive inquiry.  The relevant sources of proof will likely be the corporate records of ER Cape and ER Limited, as well as testimony about the relationship between the two entities and the contract negotiations between Constellation and ER Cape.  In support of its motion to dismiss for forum non conveniens, ER Cape contends that none of this evidence is located in the United States and that compulsory process may not be available here.

Although the sources of proof for Constellation's alter ego claim may be located abroad, they are not concentrated in either of the two adequate alternative forums.  No party or proof relevant to the alter ego claim is alleged to be in the United Kingdom, so the private interest factors cannot favor that jurisdiction.  According to ER Cape, the majority of relevant documents and witnesses are in Hong Kong, with the remainder in the BVI.  Although perhaps easier and less expensive for ER Cape, litigation in Hong Kong would not necessarily obviate the international travel of documents and witnesses or ensure the availability of compulsory process.  Indeed, willing witnesses located in the BVI would presumably find the United States to be a more convenient forum than Hong Kong.  The private-interest factors therefore, at most, weakly favor Hong Kong.

The relevant public interest factors that this Court must consider include: (1) administrative difficulties flowing from court congestion, (2) the local interest in having controversies decided at home, (3) the interest in having the trial in a forum that is familiar with the law governing the action, (4) the avoidance of unnecessary problems in conflict of laws or in

the application of foreign law, and (5) the unfairness of burdening citizens in an unrelated forum with jury duty.  *See Gulf Oil,* 330 U.S. at 509.

Taking these factors one-by-one, the first does not favor dismissal because this Court has the resources and the time to resolve the parties' dispute.  The second factor tilts slightly in favor of dismissal: while the United States has an interest in vindicating the rights of one of its citizens, this dispute arguably has a greater (though still limited) connection to the United Kingdom, where the arbitration awards were issued under English law, and to Hong Kong, where the COA was negotiated and executed.

The third and fourth factors do not support dismissal.  There is no reason to believe that Hong Kong law would apply to this dispute.  ER Cape contends that because the COA provides for disputes to be arbitrated in London and governed by English law, English law may apply.  Although this possibility of applying English law does lean in favor of dismissal for forum non conveniens, *see Cavlam*, 2009 WL 667272 at *8-9 (citing *Ioannides v. Marika Mar. Corp.*, 928 F. Supp. 374, 379 (S.D.N.Y. 1996)), it is true that "English law is particularly amendable to application in United States courts."  *Id.* (citing *Gross v. British Broadcasting Corp.*, 386 F.3d 224, 233-34 (2d Cir. 2004)).  Moreover, it is far from clear that English law would indeed govern this dispute.  As Constellation points out, the COA's choice of law provision applies expressly to arbitration, not litigation, and in this lawsuit Constellation asserts claims pursuant to federal arbitration and maritime law.  *See Penrod Mgmt. Group v. Stewart's Mobile Concepts, Ltd.*, No. 07 Civ. 10649, 2008 WL 463720 (S.D.N.Y. Feb. 19, 2008) (notwithstanding choice of law provision in arbitration agreement, alter ego claim against third-party decided by ordinary contract and agency principles) (citing *Thomson-CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d

773, 776-78 (2d. Cir. 1995)).  To the extent the parties brief the adequacy of petitioner's alter-ego claim, they do so under federal common law.

Finally, the fifth factor does not favor dismissal either.  Constellation has not made a jury demand in this admiralty case, so there is no chance that local citizens will be burdened with deciding a matter of little relation to their own community.

The mere existence of adequate alternative forums with some nexus to this lawsuit is insufficient to upset petitioner's forum selection.  Because petitioner's choice of a home forum is entitled to substantial deference and the balance of private and public interests is not strongly in favor of ER Cape, the motion to dismiss for forum non conveniens is denied.  *See Gulf Oil*, 330 U.S. at 508.  Constellation need not scour the globe in order to enforce its arbitration awards.

B.  Venue

ER Cape contends that this action should be dismissed pursuant to Fed. R. 12(b)(3) for improper venue.  ER Cape's argument fails.  Quite simply, the federal venue statute provides that "[a]n alien may be sued in any district."  28 U.S.C. § 1391(d).  Thus, because ER Cape is an alien, it may be sued in the Southern District of New York.

C.  Confirmation of the Awards Against ER Cape

The Court next turns to the question of whether to confirm the arbitration awards against ER Cape.  The New York Convention provides that a party to an international arbitration may apply for an order to confirm the award against any other party to the arbitration.  9 U.S.C. § 207.  "The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."  *Id.*  "The showing required to avoid summary confirmation of an arbitration award is high, and a party moving to

vacate the award has the burden of proof." *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 175 (2d Cir. 1998).

Constellation and ER Cape had an agreement to arbitrate their disputes, and the two London arbitration awards were issued in accordance with that contract. Neither party suggests otherwise. Although ER Cape initially opposed confirmation of the arbitration awards on the ground that they were not yet binding as a result of the pendency of its appeals to the United Kingdom High Court of Justice, that argument is unavailing now that the High Court of Justice has denied ER Cape's applications for review.

ER Cape has not provided any other reason to preclude summary confirmation. Thus, Constellation's petition to recognize and enforce the arbitration awards against ER Cape, and Constellation's motion for summary confirmation against ER Cape, should both be granted.[1]

D. Alter Ego Claim

Constellation also seeks to enforce its arbitration awards against ER Limited—which is neither a signatory to the COA nor a party to the arbitrations—under an alter-ego/piercing-the-corporate-veil theory. That is, Constellation claims that ER Limited is simply the alter ego of ER Cape. Although "an action for confirmation is not the proper time for a District Court to 'pierce the corporate veil,'" *Orion Shipping & Trading Co. v. Eastern States Petroleum Corp. of Panama, S. A.*, 312 F.2d 299, 301 (2d Cir. 1963), a claim for piercing the corporate veil may be construed as a separate action and proceed against the relevant parties, *see Overseas Private Inv. Corp. v. Marine Shipping Corp.*, No. 02 Civ. 475, 2002 WL 31106349 (S.D.N.Y. Sept. 19,

---

[1] Because the second award reserved judgment on issues relating to the costs of that arbitration, (*see* Ex. 3 to Honey Decl. at 3), and Constellation has not shown this Court an arbitration decision awarding those costs, the Court declines to recognize and enforce the £55,475 Constellation seeks in reimbursement for costs paid in connection with the second arbitration. The Court does, however, recognize and enforce the award of £40,559 rendered in connection with the first arbitration.

2002); *Sea Eagle Maritime Ltd. v. Hanan Int'l, Inc.*, No. 84 Civ. 3210, 1985 WL 3828, at *2 (S.D.N.Y. Nov.14, 1985).

ER Cape moves to dismiss the alter-ego claim pursuant to Fed. R. Civ. P. 12(b)(6).  As a preliminary matter, Constellation contends that unless ER Cape is in fact the alter ego of ER Limited, which has not appeared, ER Cape lacks standing to defend against piercing ER Limited's corporate veil.  However, regardless of whether ER Cape has standing to assert a Rule 12(b)(6) defense, a court may dismiss a complaint sua sponte for failure to state a claim if the parties have notice and an opportunity to respond.  *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007); 3 MOORE'S FEDERAL PRACTICE § 12.34[4][c]; *cf. Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) (entry of default judgment "left to the sound discretion of a district court").  Here, both Constellation and ER Cape have briefed the issue of whether Constellation has stated a claim for alter-ego liability against ER Limited.

### 1.  Legal Standard

In evaluating a motion to dismiss pursuant to Rule 12(b)(6), a court accepts the truth of the facts alleged in the complaint and draws all reasonable inferences in the plaintiff's favor. *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 154 (2d Cir. 2006).  A complaint should be dismissed if it fails to set forth "enough facts to state a claim for relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556).

2.  *Application*

"Federal courts sitting in admiralty must apply federal common law when examining corporate identity."  *In Re Matter of Arbitration between Holborn Oil Trading Ltd. and Interpol Bermuda Ltd.*, 774 F.Supp. 840, 844 (S.D.N.Y. 1991) (citing *Kirno Hill Corp. v. Holt*, 618 F.2d 982 (2d Cir. 1980)).  In order to "pierce the corporate veil," a maritime plaintiff must show that an alter ego was used to "perpetrate a fraud" or was "so dominated" and its corporate form so "disregarded" that the alter ego "primarily transacted [another entity's] business rather than [its] own corporate business."  *Kirno Hill*, 618 F.2d at 985; *see SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, No. 06 Civ. 15375, 2008 WL 4900770, at *3 (S.D.N.Y. Sept. 10, 2008).  A number of factors are relevant to determining whether to pierce the corporate veil:

> (1) disregard of corporate formalities; (2) inadequate capitalization; (3) intermingling of funds; (4) overlap in ownership, officers, directors, and personnel; (5) common office space, address and telephone numbers of corporate entities; (6) the degree of discretion shown by the allegedly dominated corporation; (7) whether the dealings between the entities are at arms length; (8) whether the corporations are treated as independent profit centers; (9) payment or guarantee of the corporation's debts by the dominating entity, and (10) intermingling of property between the entities.

*MAG Portfolio Consultant, GMBH v. Merlin Biomed Group LLC*, 268 F.3d 58, 63 (2d Cir. 2001).

Constellation's alter-ego claim is inadequately pled.  The majority of Constellation's alter-ego allegations reference mere unproven allegations lodged against ER Cape and ER Limited by a plaintiff in a totally separate, unrelated action.  In other words, Constellation seeks to adopt allegations from another lawsuit as its own.  A pleading may not adopt other pleadings from a wholly separate action.  *See Texas Water Supply Corp. v. R.F.C.*, 204 F.2d 190, 196-97 (5th Cir. 1953) (noting that while Fed. R. Civ. P. 10(c) permits reference to other pleadings in the same case, no rule permits adoption of statements from a pleading in a separate case); 3

14

MOORE'S FEDERAL PRACTICE § 10.04[3]; *cf.* Fed. R. Civ. P. 11 (imposing an affirmative duty on attorneys to make a reasonable investigation of the facts before signing and submitting a pleading).

Stripping away petitioner's transplanted allegations, all that remains of the alter-ego claim are allegations that "ER Cape is merely a captive corporation through which its parent, ER Ltd. entered the COA as alter ego," (Am. Pet. ¶ 35), and that "[u]pon information and belief, ER Cape and ER Ltd. disregarded corporate formalities and have shared offices and officers and directors" (*id.* ¶ 41). These conclusory allegations are manifestly insufficient to state a plausible claim for relief under *Twombly*, 500 U.S. at 570, and *Iqbal*, 129 S. Ct. at 1949.

Because Constellation has failed to plead sufficient factual content to support a claim for alter-ego liability, the amended petition against ER Limited is dismissed.

E. Attorneys' Fees and Costs

Constellation seeks attorneys' fees and costs on the grounds that ER Cape is only opposing confirmation in order to delay payment of the valid arbitration awards. As a general rule in American litigation, each party pays its own attorneys' fees and costs, *see Cruz v. Local Union No. 3 of the IBEW*, 34 F.3d 1148, 1158-59 (2d Cir. 1994), absent bad faith, *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-51 (1991). Because ER Cape has raised nonfrivolous (and partially successful) arguments in support of its motion to dismiss here, Constellation's request for attorneys' fees and costs is denied. *See Granite Enters. v. Virgoz Oils & Fats PTE Ltd.*, No. 09 Civ. 4534, 2009 WL 4403189, at *1 (S.D.N.Y. Dec. 1, 2009).

III.   **CONCLUSION**

For the reasons set forth above, (1) Constellation's amended petition is granted insofar as this Court recognizes and enforces the arbitration awards against ER Cape; (2) Constellation's

15

motion for summary confirmation is granted insofar as the arbitration awards are confirmed against ER Cape; and (3) ER Cape's motion to dismiss the amended petition is granted insofar as Constellation has failed to state a claim for alter ego liability against ER Limited and that motion is otherwise denied.  ER Cape is ordered to pay Constellation a total of $15,045,208 plus £40,559, together with interest as set forth in the COA.


Dated: New York, New York
      July 29, 2011

                                                    SO ORDERED:

                                                Sidney H. Stein, U.S.D.J.